UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERHARD WITTE,

        Plaintiff,

    v.                                                   Case No. 12-C-309

MILWAUKEE COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

**SCREENING ORDER**

       Plaintiff has filed a *pro se* action under 42 U.S.C. § 1983. I denied the motion to proceed *in forma pauperis,* and the filing fee has now been paid. The case is thus ripe for screening. Plaintiff asserts that while living in the Milwaukee County Jail for nearly two years, he was denied adequate medical treatment and suitable living conditions. On this latter point, the complaint states that temperatures in cells fell as low as 60 degrees and adequate bedding and blankets were not provided. This at least states a claim under the Eighth Amendment (and Fourteenth Amendment), although the complaint does not name a specific defendant.

       The medical care claim is more problematic. In the complaint and accompanying brief, Plaintiff simply states that he had serious medical needs and that various unnamed staff members ignored them. He does not state what the medical needs were or how his treatment would amount to deliberate indifference. For example, if staff ignored various requests for a routine dental exam, that would not violate the Constitution. Conversely, if they ignored requests for prescription

medication or for necessary treatment of diabetes or cancer, that could amount to a violation. Without more, it is difficult to envision the Constitutional nature of the claim.

Normally all that is required in a complaint is a basic, plain statement of the claim. It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Here, the claim is made even more vague by the fact that the complaint does not name a single individual defendant. Instead, it purports to name as defendants anyone at the jail who had anything to do with Plaintiff's medical care. Coupled with the absence of any detail whatsoever as to the nature of the medical condition, this presents an impossible task for the jail to sort out. Upon whom would such a complaint be served? How would one possibly know if he should be a defendant if he does not even know what condition the Plaintiff is complaining about? Accordingly, the medical claim will be dismissed without prejudice.

Although Plaintiff has paid the filing fee, I will direct the marshal to attempt to serve the complaint on the Sheriff of the Milwaukee County Jail. Once service is effected, it may be determined whether the Sheriff or someone else is the proper defendant.

In conclusion, **IT IS ORDERED** that any claim based on deliberate indifference is **DISMISSED** without prejudice. The claim alleging a constitutional violation based on conditions of confinement will be allowed to proceed.

2

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court - WIED
> United States Courthouse
> 125 S. Jefferson St., Suite 102
> Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated this   3rd   day of May, 2012.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge