UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERHARD WITTE,

        Plaintiff,

v.                                                  Case No. 12-C-309

MILWAUKEE COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

## ORDER

Plaintiff has filed a *pro se* action under 42 U.S.C. § 1983. In a screening order, I dismissed without prejudice his claim that various unnamed defendants were deliberately indifferent to various (also unnamed) medical conditions. I concluded that the claim was too vague to allow for the jail staff to reasonably inquire as to which of its employees might be involved. Plaintiff now moves for reconsideration. He states that his condition was so "obvious" that even a layman would have understood the need for treatment. The motion will be denied.

Even after significant prompting, Plaintiff (a former prison medical director) has failed, either in his complaint, its accompanying brief, or the brief in support of his motion for reconsideration, to even *suggest* what his medical conditions were. Without any inkling of how these unnamed conditions may or may not have been treated, there is no way to identify any defendants who might have been "involved." Discovery into which personnel may have been "involved" in his treatment over his lengthy jail stay would thus be exceedingly broad. I will therefore deny the motion for reconsideration.

Plaintiff has also moved for appointment of counsel. Courts have no power to "appoint" counsel in § 1983 cases, at least in the traditional sense. All they may do is inquire whether an attorney might take a given case on a *pro bono* basis. In making such determinations, courts assess the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. *Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007). But "the threshold consideration in determining whether to appoint counsel is whether the inmate has attempted and failed to procure counsel on his own . . . ." *Gil v. Reed,* 381 F.3d 649, 658 (7th Cir. 2004). Here, there is no indication that Plaintiff has attempted to secure counsel on his own. That is reason enough to deny the motion. Even if he had, however, the claims relate to the conditions of Plaintiff's confinement during his incarceration at the Milwaukee County Jail. He is his own best witness, and the complaint is no more complex than the hundreds of similar prisoner complaints this District processes each year. Moreover, Plaintiff by his own account was once the medical director of a prison. He is competent to litigate this action on his own without requiring an attorney to work on his behalf for free. In fact, it is difficult to envision a *poorer* candidate for appointment of counsel than a former prison doctor with a run-of-the-mill claim alleging unconstitutional conditions of confinement.

The motion for reconsideration is **DENIED**. The motion for appointment of counsel is also **DENIED**.

**SO ORDERED** this   2nd   day of August, 2012.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge