UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERHARD WITTE,

        Plaintiff,

v.                                   Case No. 12-C-0309

MILWAUKEE COUNTY SHERIFF,

        Defendant.

**ORDER REGARDING MOTION FOR STAY**

    Plaintiff Gerhard Witte is an inmate currently serving a Wisconsin state prison sentence. He filed this *pro se* action under 42 U.S.C. § 1983 on March 28, 2012, alleging the conditions of his confinement while housed in the Milwaukee County Jail violated his Constitutional rights. On August 24, 2012, plaintiff filed a motion for a stay of the proceedings and a request for civil attorney's addresses. He states that he suffers from "a host of serious medical illnesses" including untreated prostate cancer, an unstable cardiovascular system, a chronic neurological condition, a pituitary brain tumor, and severe chronic headaches. (Pl. Br. at 1-2; Pl. Reply Br. at 3.) He asserts that he has spent four years "dealing with medical problems to the total exclusion of his opportunities or abilities to pursue relief through the courts." (Pl. Br. at 3.) In addition, plaintiff contends that he is not able to provide medical records supporting his alleged ailments because he is waiting for the prison medical department to process his request. (Pl. Reply Br. at 4.)

    The Court previously denied plaintiff's motion to appoint counsel and his motion for reconsideration of the Court's order dismissing his deliberate indifference claim. Plaintiff is

currently incarcerated in Tucson, Arizona and is seeking transfer back to Wisconsin. He states that he needs the help of an attorney, but does not have access to any addresses for civil attorneys because although he may use the prison's legal resource center and electronic law library, these resources do not provide telephone books or attorney directories. (Pl. Reply Br. at 2.) In particular, he states he has no way to contact any attorneys in Wisconsin and requests the address for the Wisconsin State Bar's Lawyer Referral and Information Service.

Defendant responds that plaintiff has failed to demonstrate good cause for his failure to proceed with his case, retain counsel, and inform the court of his medical condition. (Def. Opp'n Br. at 2.) Defendant also asserts that plaintiff failed to respond to discovery requests and failed to file a motion for an extension of time under Federal Rule of Civil Procedure 6(b). Subsequently, defendant filed a motion for summary judgment on October 23, 2012, arguing plaintiff's § 1983 claim fails because he has not established that defendant violated his constitutional rights and because defendant is entitled to qualified immunity. Defendant also seeks dismissal pursuant to Federal Rules of Civil Procedure 37 and 41 because plaintiff has failed to respond to discovery requests and to diligently prosecute his case. Defendant contends that plaintiff has failed to advance his case since filing his complaint, has not issued any discovery requests, and has not complied with defendant's discovery requests. Plaintiff has filed no response to defendant's motion for summary judgment.

As an initial matter, the court will direct the Clerk to respond to Plaintiff's request for assistance and provide him the address and telephone number for the Wisconsin State Bar's Lawyer Referral and Information Service. As to Plaintiff's request for a stay, Defendant is correct that Plaintiff has failed to provide corroboration for his claim that he is unable to respond because of his

2

medical condition. Of course, if his condition is as severe as he claims, it is arguable that his condition prevents him from providing more. In any event, the record is not sufficiently developed to allow the Court to determine whether Plaintiff's condition is so severe that additional time is needed to respond. It appears that further information regarding Plaintiff's medical condition is needed in order to rule on Plaintiff's request for a stay.

Accordingly, the Court will withhold ruling on either the motion for a stay or the summary judgment motion until the record is further developed. Toward that end, counsel for the Defendant, if he has not already done so, is directed to forward to Plaintiff a written medical release authorizing the disclosure to counsel of any and all medical records now in the custody of the institution in which he is currently held relating to Plaintiff's medical condition. Counsel may submit any other information as well relevant to Plaintiff's allegation that his medical condition is so severe that he is unable to respond to Defendant's discovery request and motion for summary judgment. In the event Plaintiff refuses to sign the release, or in the event his records demonstrate he has been untruthful, the Court will consider dismissal of the action as a sanction. On the other hand, if the evidence suggests Plaintiff has serious medical problems that prevent him from responding, the Court will likely grant Plaintiff's motion for a stay and reconsider his request that it recruit counsel. Defendant's response shall be filed on or before January 30, 2013.

**SO ORDERED** this __10th__ day of December, 2012.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Judge